UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK G. MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | CASE NO.　　C07-5254RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 4, 2008 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. 636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been briefed, and after reviewing the record  the undersigned recommends that the Court affirm the administrative decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Frank Miller, was born in 1958.  He graduated from high school and attended schooling to become a broadcaster.  Plaintiff has past work experience primarily as a driver of parts and taking work crews from one location to another.  He last worked in 1999 as a driver and then as a carpet cleaner, but only occasionally.  Plaintiff alleges disability and an inability to work since December 27, 2000.  His medical impairments include: major depression, carpal tunnel, COPD, degenerative joint disc disease of the cervical and lumbar spine, severe sleep apnea, type II diabetes with peripheral neuropathy, plantar fascitis, angina, and left upper extremity parasthesias.

1    This matter is before the court based on Plaintiff's applications for disability and supplemental
2 security income benefits dated October 2003.  Both applications were denied initially and upon
3 reconsideration.  Thereafter, Plaintiff timely filed a written Request for Hearing, and on May 12, 2006, a
4 hearing was held before an administrative law judge ("ALJ").  The ALJ rendered an unfavorable decision
5 on October 26, 2006.  Plaintiff filed a timely Request for Review with the Appeals Council, which was
6 denied on April 24, 2007, and thus, the ALJ's decision became the administration's final decision subject
7 to judicial review.

8    Mr. Miller now brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as
9 amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying his
10 October 2003 applications for social security benefits.  Specifically, plaintiff argues (1) the ALJ erred by
11 subjectively determining Plaintiff's credibility without any basis, analysis or substantial evidence; (2) the
12 ALJ's credibility analysis was based on a fraud investigation report which was prepared after Plaintiff's
13 hearing, denying him his due process rights; (3) the ALJ erred by not assessing Plaintiff's residual
14 functional capacity; and (4) the ALJ erred in determining that Plaintiff is able to perform sedentary work.
15 In response, the Commissioner asserts the denial of benefits is properly supported by substantial evidence
16 and the ALJ's determination is free of legal error.

## DISCUSSION

18    This Court must uphold the Secretary's determination if the Secretary applied the proper legal
19 standard and there is substantial evidence in the record as a whole to support the decision.  Drouin v.
20 Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).
21 Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a
22 conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th
23 Cir. 1985).  It is more than a scintilla, but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d
24 1112, 1119 n. 10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the
25 evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.
26 Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

27 *A.    THE ALJ PROPERLY EVALUATED PLAINTIFF'S TESTIMONY AND CREDIBILITY*

28    The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's

1 interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Once a claimant produces
2 medical evidence of an underlying impairment that is reasonably likely to be the cause of some pain, an
3 administrative law judge may not discredit the claimant's testimony of pain and deny disability benefits
4 because the degree of pain was not supported by objective medical evidence. Orteza v. Shalala, 50 F.3d
5 748 (9th Cir. 1994); Penny v. Sullivan, 2 F.2d 953 (9th Cir. 1993).

6 Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority
7 on evaluating plaintiff's subjective complaints of pain.  Bunnell requires the ALJ's findings to be
8 properly supported by the record, and "must be sufficiently specific to allow a reviewing court to
9 conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily
10 discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd.,
11 921 F.2d 1210, 1215 (11th Cir. 1991)).  In the absence of evidence of malingering, the ALJ is required to
12 provide clear and convincing reasons to reject a claimant's testimony, once the claimant has shown that
13 he has an objective medical impairment that could reasonably be expected to produce some pain. *See*
14 Smolen v. Chater, 80 F.3d 1273, 1281-1282 (9th Cir. 1996) (*quoting* Cotton v. Bowen, 799 F.2d 1403,
15 1407 (9th Cir. 1986)).  Questions of credibility are solely within the control of the ALJ. Sample v.
16 Schweiker, 694 F.2d 639, 642 (9th Cir.1982). The district court should not attempt to "second-guess" this
17 credibility determination. Allen v. Heckler, 749 F.2d 577, 580 (9th Cir.1984).  Most importantly, the
18 district court may not reverse a credibility determination where the determination is based on
19 contradictory or ambiguous evidence. Id. at 579.

20 An ALJ may reject a claimant's subjective pain complaints, if the claimant is able to perform
21 household chores and other activities that involve many of the same physical tasks as a particular type of
22 job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)  However, as further explained in Fair v. Bowen,
23 *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require
24 that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be
25 easily transferrable to a work environment where it might be impossible to rest periodically.

26 Here, the ALJ wrote a detailed report regarding the inconsistencies with Plaintiff's allegations of
27 disability and the evidence of record (Tr. 345-347).  Ultimately, the ALJ wrote, "After considering the
28 evidence of record, the undersigned finds that the claimant's medically determinable impairments could

REPORT AND RECOMMENDATION
Page - 3

reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are credible to the extent they are consistent with sedentary work." (Tr. 347).

Substantial evidence in the record, cited by the ALJ, supports the ALJ's rejection of Plaintiff's subjective complaints which suggest his impairments are more severe than found by the ALJ. First, the ALJ specifically referenced the fact that there was evidence in the record suggesting Plaintiff was exaggerating his claims. The ALJ noted that after a May 2004, evaluation during which Plaintiff "complained of pain 9/10" in his lower back, (Tr. 549) Dr. Leon was concerned that there was malingering behavior. Tr. 550. Dr. Leon expressed a similar concern in November 2004, following an evaluation for Plaintiff's diabetes. (Tr. 647-648). The ALJ also noted many inconsistent statements Plaintiff made regarding running a business. (Tr. 345, 347). Specifically, the ALJ noted Plaintiff stated at the hearing that he had not worked in the carpet cleaning business since 2002, but reports to treating doctors and Mr. Angaran indicate he had been self employed through at least 2005. (Tr. 345, 600 635, 713, 733). The ALJ also noted that a Cooperative Disability Investigations Unit (CDIU), report indicated that as late as June 2006, Plaintiff continued to run his carpet cleaning business and worked for a car dealership as well[1]. (Tr. 345, 464-71). Finally, the ALJ relied, in part, on Plaintiff's activities of daily living to discredit Plaintiff's allegations of disabling pain. (Tr. 345, 714-15). For example, Plaintiff testified that he lived alone, did chores, cooked somewhat, did laundry, shopped for groceries, swept, vacuumed, and handled his own money. (Tr. 345, 714-15). Plaintiff testified that he played the piano an hour or two a day and wrote music 45 minutes a day. (Tr. 345, 716-17).

After reviewing the ALJ's decision, Plaintiff's allegations, reports prepared by the medical professionals, and the balance of the record, this court finds no error in the ALJ's credibility analysis.

B.    *THE ALJ PROPERLY DETERMINED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY*

"[R]esidual functional capacity" is "the maximum degree to which the individual retains the

---

[1] Plaintiff argues the ALJ's reliance upon the CDIU report dated August 9, 2006, after his hearing, violated his Fourteenth Amendment due process rights. The court rejects this argument. The CDIU report was not the sole basis for the ALJ's credibility analysis, and Plaintiff did not file any opposition to the report despite the fact that on August 11, 2006, Plaintiff was given notice of the report and an opportunity to submit any opposition to inclusion of the report in the record.

REPORT AND RECOMMENDATION
Page - 4

1 capacity for sustained performance of the physical- mental requirements of jobs." 20 C.F.R. § 404,
2 Subpart P, App. 2 § 200.00(c) (emphasis added).  In evaluating whether a claimant satisfies the disability
3 criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis."  20 C.F.R.
4 § 404.1512(a). The regulations further specify:  "When we assess your physical abilities, we first assess
5 the nature and extent of your physical limitations and then determine your residual functional capacity for
6 work activity on a regular and continuing basis."  Id. at § 404.1545(b).

7 Here, Plaintiff argues the ALJ's RFC assessment is inaccurate because it failed to include several
8 impairments and associated symptoms.  Plaintiff's position is premised on the argument that the ALJ
9 incorrectly discredited Plaintiff's complaints of severe pain and complete disability.  As discussed above
10 the ALJ did not err in his assessment of Plaintiff's credibility.  After reviewing the medical evidence, the
11 ALJ found Plaintiff suffered from the following severe impairments: degenerative disc disease, sleep
12 apnea, diabetes mellitus type II, and plantar fasciitis.  The ALJ did not find sufficient evidence to support
13 any functional limitations based on left shoulder pain, neuropathy, chest pain, obesity, or depression.  The
14 ALJ's review of the medical evidence and findings of severe impairments is properly supported by the
15 medical record and is consistent with his findings regarding Plaintiff's credibility.

16 Accordingly, the ALJ found Plaintiff capable of lifting/carrying 10 pounds occasionally and less
17 than 10 pounds frequently, standing/walking four hours in an eight-hour workday, and sit six hours in an
18 eight-hour workday.  The ALJ's RFC further included the ability to climb stairs, balance, stoop, kneel,
19 crouch, and crawl occasionally, but Plaintiff could not climb ladders/ropes/scaffolds, and he should avoid
20 heights/hazards, fumes, odors, dusts, gases, and poor ventilation   The above RFC was consistent with the
21 findings of Dr. Leon, a treating physician.  The accorded Dr. Leon's  opinion greater weight than the State
22 Agency physicians, who opined Plaintiff could perform a range of light work in establishing Plaintiff's
23 RFC.

24 After reviewing the record, this court does not find any error in the ALJ's evaluation of the
25 medical evidence and the RFC assessed for Mr. Miller.  The work level assigned, a full range of sedentary
26 work, and the limitations to compensate for Plaintiff's medical conditions and symptoms are properly
27 supported by substantial evidence in the record.
28

REPORT AND RECOMMENDATION
Page - 5

## CONCLUSION

Based on the foregoing, the Court should AFFIRM the administration's decision. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 4, 2008**, as noted in the caption.

DATED this 10th day of March, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge