1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK G. MILLER,

        Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

        Defendant.

Case No. C07-5254 RJB

ORDER ADOPTING
REPORT AND
RECOMMENDATION
AND AFFIRMING
ADMINISTRATIVE
DECISION

      This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Kelley Arnold, regarding the Social Security Commissioner's administrative decision to deny benefits. Dkt. 16. The court has considered the plaintiff's complaint, the Report and Recommendation of Judge Kelley Arnold, and the remainder of the file herein.

DISCUSSION

      The plaintiff, Frank G. Miller, brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Dkt. 3. The plaintiff filed his current applications for disability benefits on October 14, 2003, and alleges disability beginning December 27, 2000. Dkt. 9 at 167. The application was initially denied, denied upon reconsideration, and finally denied by Administrative Law Judge (ALJ) Arthur Joyner. Dkt. 9 at 17-23, 70-71, 322-330, 339, 350-51. The plaintiff filed an appeal with the Appeals Council, but the Appeals Council denied the plaintiff's request for review. Dkt. 9 at 331. The ALJ's decision is the Commissioner's final decision on the plaintiff's application. *See* 20 C.F.R. §§ 404.981; 416.1481; 422.210.

The plaintiff filed this action on May 22, 2007. Dkt. 3. The plaintiff argues (1) the ALJ erred by subjectively determining Plaintiff's credibility without any basis, analysis or substantial evidence; (2) the ALJ's credibility analysis was based on a fraud investigation report which was prepared after Plaintiff's hearing, denying him his due process rights; (3) the ALJ erred by not assessing Plaintiff's residual functional capacity; and (4) the ALJ erred in determining that the plaintiff is able to perform sedentary work. In response, the Commissioner asserts the denial of benefits is properly supported by substantial evidence and the ALJ's determination is free of legal error. Dkt. 14 at 6-7.

**1. Determination of Benefits**

The Commissioner of Social Security has developed a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. Pursuant to 20 C.F.R. § 404.1520, the five-step process is:

> **(i)** At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)
>
> **(ii)** At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)
>
> **(iii)** At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)
>
> **(iv)** At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and § 404.1560(b).)
>
> **(v)** At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c).)

20 C.F.R. §§ 404.1520.

The ALJ applied these five steps in this case, and determined that the plaintiff was not under a disability. Dkt. 9 at 342-349. At step one, the ALJ found that the plaintiff may have taken part in substantial gainful activity since November 9, 2002. Dkt. 9 at 342. Although the Plaintiff had no reported earnings after 2004, in May 2005 he reported to Jeremy S. Angaran, PT, DPT, CSCS, that he ran his own carpet cleaning business. Dkt. 9 at 342, 381-87, 634-36.

At step two, the ALJ found that Plaintiff had degenerative disc disease, sleep apnea, diabetes mellitus type II, and plantar fasciitis. Dkt 9 at 342. These impairments are considered to be "severe" under the regulations. *Id.*

At the third step, the ALJ found that the Plaintiff's impairments or combination of impairments did not equal any of the impairments in the Listing of Impairments. Dkt. 9 at 344. The ALJ then determined that Plaintiff had the residual functional capacity to "lift/carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk four hours in an eight-hour workday, and sit six hours in an eight-hour workday." Dkt. 9 at 344. "The Claimant can climb stairs, balance, stoop, kneel, crouch, and crawl occasionally. He cannot climb ladder/rope/scaffolds. He should avoid heights/hazards, fumes, odors, dusts, gases, and poor ventilation." *Id.*

At step four, the ALJ determined that the plaintiff was unable to perform any of his past relevant work. Dkt. 9 at 348.

Finally, at step five, the ALJ considered the claimant's "age, education, work experience, and residual functional capacity. *Id.* The ALJ found that the plaintiff would be able to make an adjustment to other work existing in the national economy. Dkt. 9 at 349.

### 2. The ALJ's Evaluation of the Plaintiff's Testimony

This court may not set aside the Social Security Commissioner's decision to deny benefits if it is both free of legal error and supported by substantial evidence. *Schneider v. Comm'r of Soc. Sec. Admin.,* 223 F.3d 968, 973 (9th Cir. 2000); *Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir. 1990). The substantial evidence inquiry is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). This court will uphold the Commissioner's denial of benefits if the evidence is susceptible to more than one rational interpretation, and one of those interpretations supports the decision of the administrative law judge. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Applying this standard, an ALJ's "findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 & n. 1 (9th Cir. 2004). Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642

(9th Cir. 1982). An ALJ can reject a claimant's testimony regarding the severity of symptoms with "specific, legitimate reasons for disregarding the opinion of the treating physician." *Batson v. Comm'r of the Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ's findings must be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). Where the credibility determination is based on contradictory or ambiguous evidence, the district court may not reverse. *Allen v. Heckler*, 794 F.2d 577, 579 (9th Cir. 1984).

The plaintiff contends that the ALJ erred by subjectively determining his credibility without any basis, analysis, or substantial evidence, and that the ALJ failed to provide clear and convincing reasons for finding that the plaintiff's alleged pain and symptoms not credible. Dkt. 14 at 8. In this case, the ALJ did not err by discrediting the plaintiff's testimony. *See* Dkt. 9 at 347. Instead, the ALJ appropriately considered various factors such as the nature, intensity, and duration of the plaintiff's allegations of pain. Dkt. 9 at 339-349. The ALJ also considered the plaintiff's daily activities and the effectiveness of his pain medication. Dkt. 9 at 344-45. After considering these factors, the ALJ found evidence of malingering and discredited the plaintiff's testimony. Dkt. 9 at 346-47.

The ALJ's findings are supported by substantial evidence and inferences reasonably drawn from the record. First, the ALJ noted several instances in which the plaintiff's physician, Dr. Leon, expressed concern that the plaintiff may be feigning the extent of his ailments. Dkt. 9 at 346. Second, the ALJ commented on the plaintiff's inconsistent statements regarding his recent work history. Dkt. 9 at 345. The plaintiff told his doctor that he was self-employed through 2004, but stated at a hearing that he had not worked in the carpet-cleaning business since 2002. *Id.* A Cooperative Disability Investigations Unit (CDIU) report dated August 9, 2006, showed that the plaintiff ran his carpet cleaning business and worked for a car dealership until June 2006. Dkt. 9 at 342. Third, the ALJ noted the plaintiff's testimony regarding his lifestyle, including the facts that the plaintiff lived alone, performed housework and chores, cooked, shopped, played piano, and controlled his own money. Dkt. 9 at 345. The ALJ drafted a detailed report outlining the inconsistencies between the plaintiff's allegations and the evidence of record. Dkt. 9 at 345-47. Based upon this information and inconsistencies, the ALJ determined that there was evidence of

malingering. Dkt. 9 at 347. The ALJ wrote that "[a]fter considering the evidence of record...the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are credible to the extent that they are consistent with sedentary work." Dkt. 9 at 347.

Although the plaintiff argues that the ALJ's credibility assessment was based upon a SSA Fraud Investigation Report prepared after the plaintiff's hearing, the record shows otherwise. Dkt. 9 at 464-71. In fact, the ALJ expressly stated in his decision that although the Fraud Report found that the plaintiff may have worked since November 2002, "he would defer his determinations about whether those activities amounted to SGA [substantial gainful activity]." Dkt. 9 at 342. In addition, the ALJ drafted several paragraphs detailing the inconsistencies between the plaintiff's allegations and the evidence of record, giving the bases for his decision on the plaintiff's credibility. Dkt. 9 at 345-47. These identified inconsistencies provide ample substantial support for the ALJ's decision denying benefits.

When an ALJ's credibility finding is supported by substantial evidence in the record, this court will not second-guess that determination. *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002). The record in this case reasonably supports the ALJ's decision, and the court should affirm the denial of benefits.

### 3. The ALJ's Evaluation of the Plaintiff's Residual Functional Capacity

Pursuant to 20 C.F.R. § 404 (P), App. 2 § 200.00(c), "residual functional capacity" is "the maximum degree to which the individual retains the capacity for sustained performance of the physical – mental requirements of jobs." When the commissioner evaluates the claimant's ability to work, it involves an assessment of "the nature and extent of your physical limitations and then determine your residual functional capacity for work activity of a regular and continuing basis." § 404.1545(b).

The plaintiff contends that the ALJ erred by not assessing the plaintiff's Residual Functional Capacity (RFC) with regard to several of his ailments, and concluding that the plaintiff could perform a full range of sedentary work. Dkt. 14 at 13. The plaintiff argues that the ALJ should not have relied on his own observations that the plaintiff magnified his symptoms during medical examinations, or substituted his medical opinion for that of a doctor. Dkt. 14 at 16. The plaintiff also argues that the ALJ failed to consider several of his symptoms and impairments when assessing the plaintiff's RFC. Dkt. 14 at 16-21.

The plaintiff's position regarding this issue is premised on the argument that the ALJ incorrectly

discredited the plaintiff's complaints of severe pain and complete disability. Yet questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). This court has already determined that the ALJ's findings regarding credibility are supported by substantial evidence and inferences reasonably drawn from the record. *See* supra, at 4-5.

Moreover, the ALJ's evaluation of the medical record is supported by the evidence in this case. The ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Dkt. 9 at 344. The ALJ considered medical records, the plaintiff's subjective complaints, medications, treatments, and other evidence. Dkt. 9 at 344-45.

Considering all of this medical evidence, the ALJ determined that the plaintiff was capable of standing or walking four hours in an eight-hour workday and sitting six hours in an eight-hour workday. Dkt. 9 at 344. The ALJ also found that the plaintiff was able to lift or carry ten pounds occasionally and less than ten pounds frequently. *Id.* The ALJ additionally determined that the plaintiff had the ability to climb stairs, balance, stoop, kneel, crouch, and crawl occasionally. *Id.* The ALJ ultimately determined that the plaintiff was able to perform a range of sedentary work, which is supported by substantial evidence in the record. Dkt. 9 at 347. There is no evidence that the ALJ substituted his opinion for that of a doctor. In fact, the RFC assessment in this case is consistent with that of a treating physician Dr. Leon, and Jeremy Angaran, PT, DPT, CSCS. *See* Dkt. 9 at 346-47. The ALJ's assessment of the medical record in this case and the determination of the plaintiff's Residual Functional Capacity are supported by substantial evidence and should be affirmed.

### 3. Conclusion

The report and recommendation of Magistrate Judge Kelley Arnold should be adopted with the addition of the discussion in this Order. The administrative decision to deny benefits should be affirmed.

1

2   Therefore, it is hereby

3   **ORDERED** that the Report and Recommendation of Judge Kelley Arnold (Dkt. 16) is **ADOPTED**

4   with the addition of the discussion included in this Order.  The administrative decision is **AFFIRMED**.

5   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

6   party appearing *pro se* at said party's last known address.

7   DATED this 4th day of April, 2008.

8

9

10   ROBERT J. BRYAN
    United States District Judge